# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DAVID SIMPSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:11-CV-87 (WLS) |
| : | |
| CAROLYN W. COLVIN, Commissioner : | |
| of Social Security, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs Under Equal Access to Justice Act. (Doc. 28.) For the following reasons, Plaintiff's Motion for Attorney's Fees and Costs Under Equal Access to Justice Act (Doc. 28) is **DENIED**.

## PROCEDURAL BACKGROUND

Plaintiff filed the instant Social Security appeal on June 29, 2011. On May 24, 2012, United States Magistrate Judge Thomas Q. Langstaff issued a Report and Recommendation, stating that because the Social Security Administration Commissioner's[1] (the "Commissioner's") residual functional capacity ("RFC") decision was not supported by substantial evidence, the decision should be reversed and remanded pursuant to Sentence Four of § 405(g). (Doc. 22 at 12.) Judge Langstaff stated that, on remand, the Administrative Law Judge ("ALJ") must reconsider his RFC determination regarding Plaintiff's mental impairments only, and determine if there are a significant number of jobs in the economy that Plaintiff can perform. (*Id.*) Finally,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security as of February 14, 2013.

1

Judge Langstaff stated that the remand was limited to assessing Plaintiff's mental impairments, not Plaintiff's physical limitations. (*Id.*) Both Plaintiff and the Commissioner objected to Judge Langstaff's Recommendation. (Docs. 23, 24.)

By a September 5, 2012 Order, this Court overruled the parties' objections and adopted Judge Langstaff's Recommendation, thereby reversing the decision of the Commissioner and remanding the above-captioned case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27.) On November 29, 2012, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA") in connection with his social security appeal and remand. (Doc. 28.) Plaintiff, through his attorney, requests a fee award in the amount of $9,831.77 (53.90 hours at $182.41/hr). (Doc. 28-1 at 4.)

## DISCUSSION

A prevailing party may seek attorney's fees under EAJA. The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, a party seeking an award of attorney's fees and other expenses shall submit an application for fees and other expenses which shows (1) that the party is a prevailing party and is eligible to receive an award under § 2412(d) and the Government's position is not justified, as well as (2) the amount sought, including an itemized statement that states the actual time expended and the rate at which fees and other expenses were computed. *Id.* § 2412(d)(1)(B).

2

When a request for EAJA attorney's fees is made, the Commissioner has the burden of showing that his position was substantially justified "as a whole." *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1359 (M.D. Fla. 2000) (citing *United States v. Jones*, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997)). "To be substantially justified, the Commissioner's position must have 'a reasonable basis in both law and fact.'" *Mobley*, 104 F. Supp. 2d at 1359 (quoting *Jones*, 125 F.3d at 1425 ("The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'-i.e. when it has a reasonable basis in both law and fact.")) In terms of the difficulty of meeting this standard, "'[s]ubstantially justified' does not mean 'justified to a high degree;' the standard is satisfied if there is a 'genuine dispute,' or if reasonable persons could differ as to the appropriateness of the contested action." *Pettaway v. Astrue*, No. 06-0880, 2008 WL 4007448, at *1 n.1 (S.D. Ala. Aug. 26, 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). To determine whether the Commissioner's position was substantially justified, "[t]he court looks to both the agency's pre-litigation conduct and its litigation position." *Pettaway*, 2008 WL 4007448, at *1 (noting that "for purposes of fee award under EAJA, 'position of the United States means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based'") (quoting 28 U.S.C. § 2412(d)(2)(D)) (additional internal quotations omitted).

Importantly, the fact that a case is remanded does not automatically dictate a finding that the Commissioner's position was not substantially justified. *Mobley*, 104 F. Supp. 2d at 1359; *Molina v. Comm'r of Social Sec.*, 750 F. Supp. 2d 1341, 1344 (M.D. Fla. 2010) (noting that "[a] number of courts have denied EAJA fee awards irrespective of a sentence four remand of a Social Security disability appeal"); *see, e.g., Reeves v.*

3

*Bowen*, 841 F.2d 383, 385 (11th Cir. 1988). This assertion applies even where the remand is based on a court's finding that the Commissioner's decision is not supported by "substantial evidence." *See Tant v. Heckler*, 577 F. Supp. 448, 450 (D.C. Ga. 1983) ("[T]he finding Secretary's decision was not supported by substantial evidence does not automatically require a concurrent finding by this court that the Secretary's position was not substantially justified. To hold otherwise would mean that EAJA fees were allowable in every case where the court found an absence of substantial evidence, a result clearly not intended by Congress.") (additional internal quotations and citation omitted).

Here, without any discussion, Plaintiff states that he is the prevailing party, that the Commissioner's position was not substantially justified, and that the fee requested is consistent with the prevailing EAJA rate cap of $125, adjusted for inflation. (Doc. 28-1.) The Commissioner does not contest Plaintiff's status as a prevailing party or the hourly fee requested. (Doc. 29 at 1.) The Commissioner does, however, dispute Plaintiff's contention that his (the Commissioner's) position was not substantially justified, and, in the alternative, also asserts that the hours expended by Plaintiff's attorney were excessive. (*Id.*)

Per the Commissioner, Judge Langstaff's Recommendation stated that "it appears there is no medical evidence to support a finding of functional limitations based on mental impairments, [and] it is unlikely the ALJ's finding that Plaintiff is 'not disabled' will change [even on remand]." (*Id.* at 3.) According to the Commissioner, this statement demonstrates that "it is clear that a reasonable person could have agreed with the Commissioner's position that substantial evidence supported the ALJ's decision in that aspect of this case and, therefore, the Commissioner was substantially justified." (*Id.*) The Commissioner also pointed out that Judge Langstaff rejected Plaintiff's

4

contentions that the Appeals Council erred in failing to vacate the ALJ's decision when presented with new evidence, and the undersigned concurred.  (*Id.* at 3-4.)

As for the issue related to the medical-vocational guidelines ("Grids"), the Commissioner notes that the Court questioned the Commissioner's position but did not decide that the position was unreasonable or rule against it.  (*Id.* at 4.)  Thus, the Commissioner argues that because a reasonable person could have agreed that the evidence supported the ALJ's RFC finding and that such an RFC did not preclude the use of the grids, the Commissioner's defense of this case was substantially justified.  (*Id.* at 5.)

In Reply, Plaintiff states that it was not substantially justified for the ALJ not to take into account the mental limitations he found for Plaintiff when he described Plaintiff's residual functioning capabilities.  (Doc. 30 at 2.)  Plaintiff also pointed to Judge Langstaff's assertion that the ALJ appeared to "play doctor" by substituting his personal opinion for that of the experts.  (*Id.*)  Finally, Plaintiff stated that the Court's conclusion that the ALJ's decision was internally inconsistent shows that the Commissioner's position was not substantially justified.  (*Id.*)

After reviewing the parties' arguments, the Court finds that it agrees with the Commissioner.  On balance, the Court remanded the case to the ALJ to further clarify why Plaintiff is "not disabled" because, as noted by Judge Langstaff, "this case is unique in that the ALJ provided more limitations than the record as a whole supports."  (Doc. 22 at 8.)  Specifically, the Court found that the ALJ imposed mental limitations, designated as severe, that were not supported by the medical evidence in the record.[2]

---

[2] It important to note as well that the Court did acknowledge that Step 2 of the five-step sequential evaluation process may dictate a finding of severe impairment even when the impairment may be "trivial" at best.  (Doc. 27 at 8) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).  Thus, this is

Thus, the Court concluded that a remand was appropriate so that ALJ could clearly articulate how he arrived at the determination that Plaintiff has mental impairments and limitations, where the record, on its face, does not appear to reflect the same. Contrary to Plaintiff's assertion, such a conclusion does not lead to a finding that the Commissioner's defense of this action was not substantially justified, or that it lacked a reasonable basis in both law and fact. A similar, and instructive, conclusion was reached in an analogous case, *Williams v. Astrue*, No. 09-00540, 2010 WL 4736288 (S.D. Ala. Nov. 15, 2010).

In *Williams*, the Commissioner's decision was remanded for further consideration of the plaintiff's intellectual capabilities. 2010 WL 4736288, at *2. The Court noted that the "remand was necessary because 'the ALJ's finding of borderline intellectual functioning [wa]s not supported by substantial evidence." *Id.* (internal quotations omitted). Ironically, in *Williams*, too, the Court concluded that the ALJ rendered his own medical diagnosis because no medical source made a diagnosis of borderline intellectual functioning. *Id.* at *2 n.4. Nevertheless, despite the fact that "the Commissioner's reasoning regarding the merits of the ALJ's determination was ultimately unpersuasive to the Court," the Court found that it was still substantially justified because "a 'position can be justified even though it is not correct, and . . . it can be substantially justified if a reasonable person could think it correct.'" *Id.* at *3 (quoting *Pierce*, 487 U.S. at 566 n.2). Therefore, the Court denied Plaintiff's request for fees. *Id.* Applying the analysis in *Williams*, the Court finds the Commissioner's position in the case *sub judice* to be substantially justified for the same reason.

---

further reason as to why the Court cannot comfortably say that the Commissioner's position was not substantially justified.

6

Simply put, both the undersigned and Judge Langstaff found that the record lacks support for the limitations the ALJ articulated, and the remand was imposed to give the ALJ an opportunity to flesh out his findings in a more robust fashion.  This remand did not signal that the Commissioner *lacked substantial* justification, only that it needed a *better-developed* justification.  Accordingly, the Court finds that the Commissioner's position was substantially justified, and therefore Plaintiff's Motion for Attorney's Fees and Costs Under Equal Access to Justice Act (Doc. 28) is **DENIED**.

**SO ORDERED**, this   23rd   day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**